IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARRYL COTTRELL and<br>LORENZO D. TAYLOR,<br><br>    Plaintiffs,<br><br>v.<br><br>CHEMICAL LIME COMPANY OF<br>ALABAMA, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 01-JEO-0759-S<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This matter is again before the court on the defendant's motion to stay the present proceedings and to compel arbitration. (Doc. 9). A complete history of the case is found in the court's last memorandum opinion. (Doc. 18). In that opinion, the undersigned held that a settlement agreement in prior matters involving these plaintiffs, which required the arbitration of any future claims within two years of the agreement, was not *void ab initio* and that the plaintiffs were precluded from relying on an "economic hardship" argument to defeat the present motion. (*Id.*, p. 15; Doc. 19). The court reserved ruling on the plaintiffs' assertion that *Perez v. Globe Airport Security Services, Inc.*, 253 F.3d 1280 (11th Cir. 2001), precluded enforcement of the arbitration provisions. The parties were afforded an opportunity to discuss the application of *Perez*. (Doc. 18, p. 15; Doc. 19).

I.    BACKGROUND

The settlement agreement at issue in the present case states, in pertinent part, that if a dispute arises between the parties, they "shall select an arbitrator by mutual agreement or by alternative strikes from an American Arbitration Association [(hereinafter "AAA")] panel of

metro-Birmingham arbitrators who shall have the authority to resolve all disputes arising under the Agreement subject to the various limitations of enforcement set forth. . . ." (Doc. 18, p. 2, n. 2). The agreement is silent regarding how the expenses of any arbitration will be paid. The parties agree that the AAA rules apply. (Doc. 20, p. 2; Doc. 21, pp. 2 & 4). That, however, is where the agreement ends. The plaintiff asserts that the AAA rule which "provides that '[a]ll expenses of the arbitration . . . shall be borne equally by the parties . . .'" is an improper fee-splitting provision under *Perez*. (Doc. 20, p. 1). The defendant asserts that the plaintiffs have misconstrued the applicable rules. (Doc. 21, p. 4).

In *Perez* "the district court found the fee-shifting provision rendered the arbitration agreement unenforceable because it inhibited Perez from asserting her statutory rights by requiring her to advance costs and fees she could not afford." *Id.*, 253 F.3d at 1284. On appeal, however, the Eleventh Circuit Court of Appeals did not address the sufficiency of her evidence under the recently decided Supreme Court case of *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000), because "[t]he Agreement [was] unenforceable for other compelling reasons." *Perez*, 253 F.3d at 1285. The undersigned previously examined the holding in *Perez*, stating:

> In *Perez*, the plaintiff claimed that the arbitration agreement was unenforceable because it required her to waive substantive rights under Title VII since it prevented her from receiving fees and costs if she prevailed. *Perez*, 253 F.3d at 1285. Specifically, she stated that Title VII provides that a prevailing party may be awarded reasonable attorneys' fees, including expert fees, and costs (*see* 42 U.S.C. § 2000e-5(k)); however, "the arbitration agreement states, 'despite any rule providing that any one party must bear the cost of filing and/or the arbitrator's fees, all costs of the American Arbitration Association and all fees imposed by any arbitrator hearing the dispute, will be shared equally between you and the Company.'" *Perez*, 253 F.3d at 1285. The Eleventh Circuit found that "[t]his provision circumscribes the arbitrator's authority to grant effective relief by

2

mandating equal sharing of fees and costs of arbitration despite the award of fees permitted a prevailing party by Title VII." *Id.*

The defendant, Globe, argued that "such an interpretation would render the Agreement unnecessarily self-contradictory." *Id.* at 1286. It stated that the agreement incorporated the AAA rules governing arbitration of employment disputes; one of which, Rule 34(e), "permits an arbitrator 'to assess fees, expenses, and compensation . . . in favor of any party.'" *Id.* The court rejected this argument, finding that "the AAA rules cited by Globe are not incorporated in the Agreement. The arbitration agreement states any disputes between Globe and the signatory employee shall be 'arbitrated . . . in accordance with the rules of the American Arbitration Association governing labor arbitration.' . . . The AAA rules governing labor arbitration are separate and distinct from the rules governing employment disputes." *Id.* The court then found that the AAA labor arbitration rules allowed the parties to vary the procedures set forth in the rules, thus making the change controlling and therefore unenforceable because it limited the arbitrator's ability to apportion the fees and costs if the plaintiff prevailed. *Id.*

(Doc. 18, pp. 13-14).

## II. DISCUSSION

*Perez* is factually distinguishable from the case at bar. Unlike the agreement in *Perez*, the AAA Employment Rules are applicable herein. Therefore, this court is required to determine whether the applicable AAA Rules render the present agreement unenforceable.

AAA Rule 39 provides, in pertinent part:

. . . . All expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witnesses and the costs relating to any proof produced at the direction of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator directs otherwise in the award.

The arbitrator's compensation shall be borne equally by the parties unless they agree otherwise, or unless the law provides otherwise.

(Doc. 12, Ex. A, ¶ 39). AAA Rule 34 also provides:

The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available to

3

>   the parties had the matter been heard in court. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Sections 38 [(Administrative Fees)], 39 [(Expenses)], and 40 [(Neutral Arbitrator's Compensation)] in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA.
>
>   The arbitrator shall have the authority to provide for the reimbursement of representative's fees, in whole or in part, as part of the remedy, in accordance with applicable law.

(Doc. 12, Ex. A, ¶ 34(d) & (e)).

The *Perez* arbitrator did not posses the discretion provided by Rules 34 & 39. Instead, he was bound by the provision that the court found precluded enforcement of the agreement. This court finds that the plaintiffs herein are afforded the same rights to relief found under Title VII, including costs and fees. *See* 42 U.S.C. § 2000e-5. The plaintiffs' reading of the "fee-splitting" provision in Rule 39 and the other fee provisions in the AAA Rules, such as those relating to filing fees, hearing fees, and hearing room rental costs[1] are too restrictive in view of the language in Rule 34.

To the extent the plaintiffs' argue that *Perez* prohibits this court from "reformation" of the present agreement, the court finds this argument inapposite to the present situation. (Doc. 20, p. 5). This court is not reforming the agreement, but merely interpreting and applying the same. There is no need for this court to reform the agreement. Simply stated, this agreement is enforceable as written.

To the extent the plaintiffs have submitted financial affidavits for the court's consideration because of *Perez* (see doc. 20, p. 5), the court again finds that they should have

---

[1] The particular provisions were highlighted by the plaintiffs' counsel in Attachment B to the "Plaintiffs' Supplemental Response" in this case. (Doc. 13).

4

been presented earlier. The court also finds that they are insufficient under the direction provided by the Supreme Court in *Green Tree*. As noted by the defendant, the plaintiffs have "adduced no explanation how arbitration expenses would prevent them from pursuing their claims or that they *actually* will incur the arbitration fees, especially in light of the . . . AAA employment rules and AAA Rule 38, which states, 'The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees' of arbitration. As noted at the July 2, 2000 hearing, there is no evidence that Plaintiffs have filed for *in forma pauperis* status with the Court or the AAA.'" (Doc. 21, p. 6). This claim is hereby rejected.

### III. CONCLUSION

In accordance with the foregoing analysis, the defendant's motion to stay this matter and to compel arbitration is granted. Because the plaintiffs initiated this action, each should have the ability to decide whether or not to invoke the arbitration process. Accordingly, the court will require each plaintiff to initiate the arbitration process, if he so chooses, within twenty-one (21) days. An appropriate order will be entered.

**DONE**, this 13th day of November, 2001.

JOHN E. OTT
United States Magistrate Judge